RANDOLPH L. RAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ray v. Commissioner
Docket No. 2295-95.
United States Tax Court
T.C. Memo 1995-438; 1995 Tax Ct. Memo LEXIS 440; 70 T.C.M. (CCH) 670; September 13, 1995, Filed *440 An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction. Randolph L. Ray, pro se. Willard N. Timm, Jr., and Jordan S. Musen, for respondent. FAY, Judge, ARMEN, Special Trial Judge FAY; ARMEN
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Although respondent contends that this case must be dismissed on the ground that Randolph L. Ray (petitioner) failed to file his petition within the time prescribed in section 6213(a), petitioner asserts that dismissal should *441 be based on respondent's failure to issue a valid notice of deficiency under section 6212. There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal. Background
By notice of deficiency mailed November 2, 1994, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1992 in the amount of $ 10,302, as well as an addition to tax under section 6651(a)(1) in the amount of $ 2,487.50. The notice of deficiency was mailed to petitioner at 116 King George Way, Columbia, South Carolina 29210 (the King George Way address). Such address is the address that appears on petitioner's Federal income tax return for 1990. Petitioner filed a petition for redetermination with this Court on February 8, 1995. [2] The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of February 3, 1995. *442 As indicated, respondent filed a Motion to Dismiss For Lack of Jurisdiction on the ground the petition was not filed within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss, alleging that the notice of deficiency was not mailed to him at his correct address, which petitioner identified as 113 Beckett Circle, Columbia, South Carolina 29212 (the Beckett Circle address). Respondent filed a response to petitioner's objection, countering that the notice was in fact mailed to petitioner at his last known address. A hearing was conducted in this case on June 28, 1995, in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. In particular, counsel for respondent argued that the notice of deficiency was mailed to petitioner at his last known address because respondent's records indicated that petitioner's 1990 tax return was the last return filed by petitioner prior to the mailing of the notice of deficiency. Counsel for respondent further represented that he had learned through a conversation with Deborah E. Ray, petitioner's former spouse, that Deborah E. Ray *443 forwarded the notice of deficiency to petitioner in late November 1994. Relying on , counsel for respondent also argued that petitioner actually received the notice of deficiency with sufficient time to file a timely petition with the Court, even if the notice were not mailed to petitioner at his last known address. Although petitioner did not appear at the hearing on June 28, 1995, he did file a written statement with the Court pursuant to Rule 50(c). Petitioner's Rule 50(c) statement includes an allegation that "Respondent's records show that the last known address of the Petitioner was 1712 Stillwater Drive based on the Petitioner's filing in this tax year for an Extension of Time to submit the tax return for that year." Further, petitioner's Rule 50(c) statement includes a statement that the notice of deficiency was originally delivered to Deborah E. Ray before it was forwarded to petitioner. Following the hearing, the Court issued an Order directing respondent to furnish the Court with: (1) Documentation demonstrating whether petitioner filed tax returns for 1991, 1992, and 1993; (2) a statement from *444 the United States Postal Service regarding the delivery of the notice of deficiency dated November 2, 1994; and, if possible, (3) a statement from Deborah E. Ray regarding the receipt of the notice of deficiency dated November 2, 1994. Petitioner was directed in the same Order to file a statement with the Court: (1) Providing details regarding his receipt of the notice of deficiency dated November 2, 1994; (2) commenting on respondent's assertion that Deborah E. Ray forwarded the notice of deficiency to petitioner in November 1994; and (3) attaching retained copies of his income tax returns for 1991, 1992, and 1993, together with any applications for extension of time to file that he may have submitted for those taxable years. A second hearing was conducted in this case on July 19, 1995, also in Washington, D.C. Counsel for respondent again appeared at the hearing and presented argument on the pending motion. In addition, respondent filed a written statement with the Court pursuant to Rule 50(c) attaching thereto: (1) A Certificate of Official Record from the Internal Revenue Service Center in Atlanta, Georgia, attesting to the fact that respondent has no record of receiving income *445 tax returns from petitioner for the taxable years 1991, 1992, and 1993; (2) separate declarations executed by counsel for respondent and a paralegal employed in respondent's Atlanta District Counsel office; [3] (3) a Postal Service Form 3849 indicating that the envelope bearing the notice of deficiency dated November 2, 1994, was received and signed for by Deborah E. Ray, on November 4, 1994; (4) a copy of petitioner's 1990 tax return filed jointly with Deborah E. Ray; and (5) a copy of a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, filed by petitioner on or about April 15, 1992, in respect of his 1991 tax return, on which petitioner listed his address as 1712 Stillwater Drive, Columbia, South Carolina 29212 (the Stillwater Drive address). *446 Although petitioner did not appear at the hearing on July 19, 1995, he did file a written statement with the Court pursuant to Rule 50(c) responding to the Court's Order directing the parties to furnish certain information. In particular, petitioner states that although he received the notice of deficiency dated November 2, 1994, from Deborah E. Ray sometime in November 1994, the notice should have been mailed to him at the Beckett Circle address. Attached to petitioner's Rule 50(c) statement are copies of tax returns that petitioner purportedly filed with respondent for 1991, 1992, and 1993. The purported returns for 1991 and 1992 reflect the Stillwater Drive address, whereas the purported return for 1993 reflects the Beckett Circle address. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); ; . Section 6212(a) expressly authorizes the Commissioner after determining a deficiency, to send a notice of *447 deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); . If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. , affg. ; ; . The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the contested deficiency. Sec. 6213(a). Respondent mailed the notice of deficiency on November 2, 1994. Thus, the 90-day period for filing a timely petition with this Court expired on Tuesday, January 31, 1995, a day that was not a legal holiday in the District of Columbia. Sec. 6213(a). The petition in this case was postmarked February *448 3, 1995, and was filed by the Court on February 8, 1995. Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see The question presented is whether the dismissal should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. Petitioner contends that respondent failed to mail the notice of deficiency to him at his last known address. We disagree. Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. ; see . The burden of proving that a notice of deficiency *449 was not sent to the taxpayer at his or her last known address is on the taxpayer. . Contrary to petitioner's view of the matter, we conclude that the notice of deficiency was mailed to petitioner at his last known address. Respondent mailed the notice to petitioner at the address appearing on petitioner's 1990 tax return, i.e., the King George Way address. Although petitioner claims to have filed returns for 1991, 1992, and 1993 listing other addresses, respondent has no record of ever receiving such returns and has presented a certificate to that effect. [4]
*450 Petitioner also argues that applications for automatic extension of time to file (Forms 4868) should have alerted respondent to petitioner's current address. In this regard the record includes a copy of Form 4868 for 1991 reflecting the Stillwater Drive address. [5] This form, however, does nothing other than list the Stillwater Drive address and does not constitute clear and concise notification of a new address. See . Because the notice of deficiency was mailed to petitioner at his last known address, we will grant respondent's motion to dismiss for lack of jurisdiction. [6]
*451 In order to give effect to the foregoing, An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time when the petition was filed, petitioner resided in Columbia, South Carolina.↩
3. Both declarations include references to conversations with Deborah E. Ray regarding the date on which the notice of deficiency was delivered to petitioner. Although counsel for respondent indicated during the hearing on July 19, 1995, that Deborah E. Ray would be filing an affidavit with the Court, no such affidavit has been received by the Court. In any event, given petitioner's concession (referred to below) regarding the time that the notice of deficiency came into his possession, Deborah E. Ray's affidavit is not critical to the proper disposition of this case.↩
4. We note that petitioner's purported return for 1993 claims an overpayment in the amount of $ 1,450. The record, however, contains no evidence, such as a deposit receipt or other bank record, showing that such amount was ever paid to petitioner. We think that most taxpayers claiming such a large overpayment would have contacted the Internal Revenue Service if they had failed to receive such a refund pursuant to a filed return.↩
5. The record also indicates that a Form 4868 was filed for 1992. However, the record does not include a copy of this form.↩
6. Although petitioner cannot pursue his case in this Court, he is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the appropriate Federal District Court or in the U.S. Court of Federal Claims. See .↩